19

FILED
MAR 2 1 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>BRENT LAWRENCE,<br><br>Debtor. | Case No. 09-20375-B-7 |
| WILLIAM ROBINSON, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT LAWRENCE,<br><br>Defendant | Adv. No. 12-2277-B<br><br>DCN DD-2 |

**MEMORANDUM DECISION ON MOTION FOR IMPOSITION OF SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011**

Defendant debtor Brent Lawrence asks the court to assess sanctions, pursuant to Federal Rule of Bankruptcy Procedure 9011, against plaintiff creditor and the creditor's attorney for filing the complaint in this adversary proceeding. The complaint seeks a determination of nondischargeability of a debt. Defendant seeks sanctions based on the existence, at the time the complaint was filed, of a dispositive, albeit waivable affirmative defense of the statute of limitations.

For the reasons set forth herein, in this case the court

grants the motion in part, finds that the filing of the complaint constituted a violation of Bankruptcy Rule 9011(b)(2) which justifies an imposition of sanctions, and assesses sanctions on the creditor's attorney in the amount of $16,046.90 in attorney's fees and costs payable to the defendant's attorney.

FACTUAL BACKGROUND

On January 9, 2009, debtor Brent Lawrence ("Debtor" or "Lawrence") commenced a bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition under chapter 7 of the Bankruptcy Code. Lawrence filed his Verification of Master Address List (the "Master Address List") on January 9, 2009. The Master Address list listed "Nancy Butch Robinson" as a creditor. Lawrence filed his bankruptcy Schedules on January 26, 2009. On his Schedule F he listed "Nancy & Butch Robinson" as unsecured creditors holding an unsecured nonpriority claim in the amount of $866,276.00. Butch is the nickname of plaintiff William Robinson, Jr. ("Plaintiff" or "Robinson").

Pursuant to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines (the "Bankruptcy Notice") filed in the Bankruptcy Case, the deadline to file a proof of claim was May 7, 2009, and the deadline to file a complaint objecting to the discharge of the debtor or to determine the dischargeability of certain debts was April 7, 2009. Robinson was served with the Bankruptcy Notice.

Robinson did not file a claim in the Bankruptcy Case, nor did he file a complaint objecting to the debtor's discharge or to determine the dischargeability of a debt before the deadline set forth in the Bankruptcy Notice. Robinson did not file a motion to extend the deadline pursuant to Fed. R. Bankr. P. 4007(c). Lawrence received a discharge under 11 U.S.C. § 727 on May 12, 2009. The chapter 7 trustee was discharged and the Bankruptcy Case was closed on April 28, 2011.

On June 21, 2012, the court reopened the Bankruptcy Case on Robinson's motion. On June 22, 2012, long after the deadlines established by the Bankruptcy Notice to do so, Robinson filed a complaint (the "Complaint") commencing an adversary proceeding for a determination of the dischargeability of a debt and seeking revocation of Lawrence's discharge.

The Complaint alleges the following. Lawrence and a third party, Jason Morehouse, purchased real property located at 46 Ord Ranch Road, Gridley, California (the "Property") from Robinson on or about August 7, 2006. In escrow, Lawrence and Morehouse assigned their rights in the Property and the purchase agreement to 46 Ord Ranch Road, LLC ("the LLC"). A portion of the purchase price was paid in cash; the remainder was to be paid pursuant to the terms of a promissory note (the "Note") made by the LLC and carried back by the Robinson. The Note was secured by a Deed of Trust on the Property.

The Complaint alleges that Lawrence subsequently represented

to Robinson that if Robinson would subordinate the Deed of Trust to another Deed of Trust (the "RVCB Deed of Trust") for the benefit of River Valley Community Bank ("RVCB"), which RVCB Deed of Trust secured a loan to the LLC from RVCB, Lawrence would personally guarantee the Note. The Complaint alleges that Lawrence provided Robinson with a statement of his net worth and a declaration representing that the loan proceeds from RVCB would be used to make specific improvements to the Property and for no other purpose. The Complaint alleges that these representations were false, designed to induce Robinson to subordinate the Deed of Trust to the RVCB Deed of Trust, and that Lawrence never intended to use the RVCB loan proceeds to improve the Property. Robinson subordinated the Deed of Trust. The Complaint alleges that the RVCB loan proceeds were never used to improve the Property and were instead diverted to Lawrence's and Morehouse's personal use.

The Complaint also alleges that Robinson learned that the loan proceeds from RVCB had not been used to improve the Property in February, 2012. He alleges that he "did not learn of the fraud" until February 7, 2012. At the time that he learned of Lawrence's alleged fraud, Robinson was already prosecuting an action against Morehouse in Butte County Superior Court (the "State Court Action").

On February 22, 2012, before the instant adversary proceeding was commenced, Lawrence's bankruptcy attorney sent a letter (the "February 22, 2012, Letter") to Robinson's counsel in

the State Court Action, advising him of Lawrence's discharge and the expiration of the deadline to file a complaint objecting to Lawrence's discharge or to seek a determination of nondischargeability. According to the February 22, 2012, Letter, Lawrence was concerned that Robinson would attempt to amend the complaint in the State Court Action to add Lawrence as a defendant, in violation of the discharge injunction in the Bankruptcy Case.

On June 29, 2012, seven days after Robinson commenced the adversary proceeding, Lawrence's bankruptcy attorney sent a letter (the "June 20, 2012, Letter") to Robinson's counsel in the adversary proceeding, advising him of Lawrence's discharge and the expiration of the deadline to file a complaint objecting to Lawrence's discharge or to seek a determination of nondischargeability. The June 29, 2012, Letter demanded that Robinson voluntarily dismiss the adversary proceeding within ten days, failing which Lawrence would seek, inter alia, sanctions to the extent allowed by Fed. R. Bankr. P. 9011.

Lawrence filed a motion to dismiss pursuant to Fed. R Civ. P. 7012, incorporating Fed. R. Civ. P. 12(b)(6), on August 20, 2012. Robinson opposed the motion. The court granted the motion on October 1, 2012, dismissing the adversary proceeding without leave to amend. The court dismissed Robinson's claims because they were time barred, the Complaint having been filed long after the expiration of the deadline to assert the claims contained therein. Although Robinson argued that the deadlines should be

equitably tolled because he alleged that he did not discovery Lawrence's alleged fraud until after the deadlines had passed, the court ruled that equitable tolling did not apply to extend the deadlines, citing In re Santos, 112 B.R. 1001 (9th Cir. BAP 2001). The court noted that the only exception in the Ninth Circuit allowing equitable tolling was in the case of "extraordinary circumstances" where the court itself misleads a party into the untimely filing of a complaint. Allred v. Kennerly (In re Kennerly), 995 F.2d 145 (9th Cir. 1993); Anwiler v. Patchett (In re Anwiler), 958 F.2d 925, 927 (9th Cir. 1992). The court found that the Complaint did not allege any such extraordinary circumstances. In addition, the court dismissed Robinson's claim for revocation of the debtor's discharge under 11 U.S.C. § 727(d)(1) because Robinson did not allege any facts which supported a claim that the debtor obtained his discharge by fraud.

Also on August 20, 2012, Lawrence sent another letter to Robinson's counsel (the "August, 20, 2012, Letter"), to which was attached a copy of the instant Motion for Sanctions Pursuant to (the "Motion"). The August 20, 2012, Letter informed Robinson's counsel that Lawrence intended to file the motion unless Robinson voluntarily dismissed the adversary proceeding. When Robinson did not dismiss the adversary proceeding, Lawrence filed the Motion on September 21, 2012.

ANALYSIS

Pursuant to Federal Rule of Bankruptcy Procedure 4004(a), in a chapter 7 case a complaint objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). Pursuant to Bankruptcy Rule 4007(c) the same deadline applies for complaints filed under 11 U.S.C. § 523(c) to determine the dischargeability of a debt. Both deadlines may be extended for cause, but motions for extension must be filed before the expiration of the deadline. Fed. R. Bankr. P. 4004(b), 4007(c).

The time limits set forth in Bankruptcy Rules 4007(c) and 4004(a) are not jurisdictional time limits. In re Santos, 112 B.R. 1001, 1006 (9th Cir. BAP 2001). As such, the timeliness of a complaint for denial of discharge or for a determination of dischargeability is an affirmative defense that must be raised in an answer or a responsive pleading; if not raised, it is generally waived, subject to the discretion of trial court. Id. at 1008 (describing factors the court should consider when determining whether a failure to timely raise a limitations defense should constitute a waiver).

Pursuant to Bankruptcy Rule 9011(b), an attorney or unrepresented party presenting to the court a petition, pleading, written motion or other paper is certifying that to the best of the person's belief, formed after an inquiry reasonable under the circumstances, that

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b)(1)-(4). Bankruptcy Rule 9011(b)(1)-(4) mirrors Fed. R. Civ. P. 11(b)(1)-(4).

In <u>In re Aston-Nevada Ltd. Parntership</u>, 409 Fed.Appx. 107 (9th Cir. 2010), the Ninth Circuit Court of Appeals described the standards governing a motion for imposition of sanctions where a violation of Bankruptcy Rule 9011(b)(1) or (b)(2) is found:

> Rule 9011 gives bankruptcy courts the authority to sanction parties, attorneys, and law firms who present

(sign, file, submit, or later advocate) a paper to a bankruptcy court that is either frivolous or presented for an improper purpose. See Fed. R. Bankr.P. 9011(b), (c); Dressler v. Seeley Co. (In re Silberkraus), 336 F.3d 864, 870 (9th Cir.2003). "In determining whether sanctions are warranted under Rule 9011(b), [this court] ... must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." Dressler, 336 F.3d at 870 (internal quotation marks and citations omitted) (emphasis in original). For sanctions' purposes under Rule 9011, "attorney conduct is measured objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court." Valley Nat'l Bank of Ariz. v. Needler (In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir.1991) (citation omitted). "A claim is frivolous if it is both baseless and made without a reasonable and competent inquiry." Id. at 1442 (internal quotation marks and citation omitted). And, "[a]lthough the term 'improper purpose' can be construed to require an improper subjective intent, this court analyzes an allegedly improper purpose under an objective standard." Id. at 1443.

In re Aston-Nevada Ltd. Parntership, 409 Fed.Appx. 107, 114 (9th

Cir. 2010). A sanction imposed for violation of Bankruptcy Rule 9011(b) shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. To that end, the court may order that the sanctioned party pay a penalty into the court, and/or that the sanctioned party pay the movant's reasonable attorney's fees and other expenses incurred as a direct result of the violation. Fed. R. Bank. P. 9011(c)(2); see also In re Blue Pine Group, Inc., 457 B.R. 64, 78 (9th Cir. BAP 2011)("sanctions may include 'some or all of the reasonable attorneys' fees and expenses incurred as a direct result of the violation'"); and Truesdell v. Southern California Permanente Medical Group, 209 F.R.D. 169, 175 (C.D. Cal. 2002)(monetary sanctions may include "either or both" of a penalty paid to the court "and/or" an award of reasonable attorney's fees to the opposing party). Monetary sanctions may not be awarded against a represented party for a violation of Bankruptcy Rule 9011(b)(2). Fed. R. Bankr. P. 9011(c)(2)(A). An award of attorneys' fees to the opposing party may also be granted only on motion and only when warranted for effective deterrence. Fed. R. Bankr. P. 9011(c).

Pursuant to Bankruptcy Rule 9011(c)(1)(A), a motion for sanctions under Bankruptcy Rule may not be filed with or presented to the court unless, within twenty-one days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. In this case, Lawrence served Robinson

with the Motion on August 20, 2012, and, when Robinson did not dismiss the Complaint, filed the Motion on September 21, 2012, thirty-two days later.

Although neither Robinson nor Lawrence identified or addressed it in their written arguments, at issue here is whether, given the existence of the waivable defense of the statute of limitations, Robinson's filing of the Complaint constitutes either a pleading presented for an improper purpose pursuant to Bankruptcy Rule 9011(b)(1) or a frivolous claim pursuant to Bankruptcy Rule 9011(b)(2). There is no controlling authority in the Ninth Circuit which squarely addresses the foregoing issue. However, three other federal circuit courts of appeal have done so.

In Brubaker v. City of Richmond, 943 F.2d 1363 (4th Cir. 1991), the Fourth Circuit Court of Appeals reviewed a district court award of Rule 11 sanctions against a plaintiff for bringing a defamation claim against a city, city council member and the executive director of a human relations commission because "a reasonable inquiry into Virginia limitations law would have demonstrated that any defamation claims . . . were clearly time-barred." Id. at 1383-84. The Fourth Circuit affirmed the decision.

> [W]e would still conclude that a plaintiff cannot avoid Rule 11 sanctions merely because a defense to the claim is an affirmative one. A pleading requirement for an

> answer is irrelevant to whether a complaint is well grounded in law. Were we to follow plaintiffs' suggestion, we would be permitting future plaintiffs to engage in the kind of "cat and mouse" game that Brubaker engaged in here: alleging a time-barred claim to see whether the defendants would catch this defense, continuing to pursue the claim after a defendant pointed out that it was time-barred, urging the court not to dismiss the claim, and finally conceding without argument to the contrary that the claim was time-barred.
>
> . . . . Where an attorney knows that a claim is time-barred and has no intention of seeking reversal of existing precedent, as here, he makes a claim groundless in law and is subject to Rule 11 sanctions.

Id. at 1384-85(footnotes omitted). Sanctions are warranted where the claimant has "absolutely no chance of success under existing precedent."

Id. at 1377.

In Souran v. Travelers Insurance Co., 982 F.2d 1497 (11th Cir. 1993), the Eleventh Circuit Court of Appeals reversed the imposition of sanctions against a plaintiff who filed an action on an insurance policy in the face of a potential affirmative defense of fraudulent procurement:

> An unasserted defense is no defense at all. . .

> [P]laintiffs need not refrain from filing suit to avoid Rule 11 sanctions simply because they know that defendants will interpose an affirmative defense. Two other circuits have held that the assertion of a claim knowing that it will be barred by an affirmative defense is sanctionable under Rule 11. See Brubaker v. City of Richmond, 943 F.2d 1363, 1383-85 (4th Cir.1991); White v. General Motors Corp., 908 F.2d 675, 682 (10th Cir.1990). Here, however, Souran did not know that counts I and II would suffer defeat at the hands of Travelers' fraudulent procurement defense. . . . In no way do the facts unequivocally establish that Travelers' affirmative defense of fraudulent procurement would succeed. At most, the facts are inconclusive and present a jury question as to whether Mr. Von Bergen fraudulently procured the policy. In the face of such uncertainty, Rule 11 sanctions . . . were not proper.

Souran, 982 F.2d at 1510(emphasis added).

Finally, in White v. General Motors Corp., 908 F.2d 675 (10th Cir. 1990), a case discussed Souran, the Tenth Circuit Court of Appeals stated:

> Part of a reasonable attorney's prefiling investigation must include determining whether any obvious affirmative defenses bar the case. (citations omitted).

> An attorney need not forbear to file her action if she has a colorable argument as to why an otherwise applicable affirmative defense is inapplicable in a given situation. For instance, an otherwise time-barred claim may be filed, with no mention of the statute of limitations if the attorney has a nonfrivolous argument that the limitation was tolled for part of the period. The attorney's argument must be nonfrivolous, however; she runs the risk of sanctions if her only response to an affirmative defense is unreasonable.

Id. at 682 (emphasis added). See also David H. Taylor, Filing With Your Fingers Crossed: Should a Party Be Sanctioned For Filing a Claim to Which There is A Dispositive, Yet Waivable, Affirmative Defense?, 47 Syracuse L. Rev. 1037 (1997) for a discussion of Brubaker, Souran, and White. Taylor places the three cases on a spectrum, with Brubaker characterized as a "hard line," Souran being a softer, "no sanctions" approach that takes into account the pleading burdens on each side of an action and White occupying a middle ground where sanctions are appropriate if the affirmative defense is obvious and the plaintiff's attorney has no colorable, nonfrivolous argument as to why the defense is inapplicable.

This court follows the approach set forth in White. The court concludes, on the facts of this case, that the filing of the Complaint asserting a claim for a determination of nondischargeability is a sanctionable violation of Fed. R. Bankr.

P. 9011(b)(2). When preparing and filing a complaint for a determination of nondischargeability, a reasonable attorney would investigate whether the deadline for filing such a claim had passed. In this case the deadline was clearly set forth in the Bankruptcy Notice. The deadline, as well as the circumstances under which it may be extended, are clearly defined in Fed. R. Bankr. P. 4007. In addition, Lawrence informed Robinson and his counsel on two separate occasions - one well before the adversary proceeding was commenced and one shortly after - of the fact that the deadline had passed and that Robinson's complaint was time-barred. In light of the foregoing the burden fell on Robinson to determine he had colorable, non-frivolous argument in support filing the Complaint despite the expiration of the deadline.

Robinson has not shown that any such argument exists. He merely argues that it would be inequitable to prevent him from bringing a nondischargeability claim based on Lawrence's alleged fraud because he allegedly did not discover the fraud until after the deadline has passed.[1] However, the Ninth Circuit Bankruptcy

---

[1]Nothing in this decision shall be construed as a finding as to when Robinson's claim for alleged fraud arose for the purposes of Lawrence's bankruptcy case. Although claims are determined as of the date of the filing of the petition, the "accrual test" espoused by Robinson for determining when a claim arises is not a popular one, and is not followed in this circuit. See In re Grossman's Inc., 607 F.3d 114 (3rd. Cir. 2010)(collecting cases). In this circuit, the test is the "fair contemplation test" in which a claim arises once it is in the creditor's fair contemplation. California Department of Health Services v. Jensen (In re Jensen), 995 F.2d 925 (9th Cir. 1993). The Northern District has applied the fair contemplation test to a fraud claim. Corman v. Morgan (In re Morgan), 197 B.R. 892, 898

Appellate Panel has rejected this argument (see In re Santos, 112 B.R. 1001, 1006 (9th Cir. BAP 2001)("The running of the [time period within which to file a claim for nondischargeability] is not dependent on the discovery or accrual of a cause of action as it would be in a statute to which tolling is more appropriately applied.")) and the Ninth Circuit Court of Appeals has held that the after the expiration of the deadline it can only be extended or tolled where there are extraordinary circumstances involving the court misleading the creditor regarding the deadline (see Allred v. Kennerly (In re Kennerly), 995 F.2d 145 (9th Cir. 1993); Anwiler v. Patchett (In re Anwiler), 958 F.2d 925, 927 (9th Cir. 1992)). No such extraordinary circumstances are present in this case. Robinson's vague arguments regarding his perception of the fairness of the applicable authority, no matter how passionately presented, do not constitute a colorable, non-frivolous argument as to why Lawrence's affirmative defense was inapplicable.

The court does not find that the filing of the Complaint was done for an improper purpose in violation of Fed. R. Bankr. P. 9011(b)(1). An improper purpose is generally found where the evidence shows that the party against whom sanctions are sought has engaged in a pattern of abusive litigation for the purpose of delay or harassment. See Aetna Life Ins. Co. v. Alla Med.

---

(N.D. Cal. 1996). The court's ruling on the Motion to Dismiss stated that the Complaint, which allegedly sought a determination of nondischargeability of an alleged pre-filing debt pursuant to 11 U.S.C. § 523(a)(2)(A), was dismissed.

Servs., Inc., 855 F.2d 1470, 1476 (9th Cir. 1988). Whether a party has been harassed is based on an objective standard. Zaldivar v. City of Los Angeles, 780 F.2d 823, 832 (9th Cir. 1986) (harassment focuses on improper purpose of signer, objectively tested, rather than consequences of signer's act, subjectively viewed by signer's opponent). Although the court acknowledges that Lawrence feels that he has been inconvenienced by being forced to defend against the Complaint, the court does not find evidence of a pattern of abusive litigation or harassment in this case. The court will not infer an improper purpose from the fact that it has found a violation of Bankruptcy Rule 9011(b)(2). See Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 176-177 (2d Cir. 1999).

Because the court finds that the filing of the Complaint constitutes a violation of Bankruptcy Rule 9011(b)(2) only, the court will not impose monetary sanctions on Robinson. Fed. R. Bankr. P. 9011(c)(2)(A). The court may impose non-monetary sanctions on Robinson, but in light of the fact that the adversary proceeding has already been dismissed, the court declines to impose a non-monetary sanction.

As for Robinson's attorney in the adversary proceeding, W. Steven Shumway, the court finds on the facts of this case that an award of Lawrence's attorney's fees in the amount of $16,046.90 incurred in connection with defending the adversary proceeding, payable to Lawrence's counsel, will effectively serve the overriding deterrent purpose of Bankruptcy Rule 9011. The award

of attorneys' fees sends a message to Mr. Shumway and to those similarly situated that the risk of pursuing frivolous litigation in a case such as this is that those who do so may be required to pay for the cost of defending it.

The court will issue a separate order that conforms to the foregoing decision.

Dated: MAR 2 1 2013

Thomas C. Holman
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF SERVICE**

**The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.**

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Walter Dahl
2304 N St
Sacramento, CA 95816-5716

W. Shumway

300 Harding Blvd., Suite 116

Roseville, CA 95678

**DATED:** 3/21/13

**By:**____________________
**Deputy Clerk**
R. Lopez